**In re Larry H. MARSHALL, Movant.**

Supreme Court of Kentucky.

July 2, 1987.

Rehearing Denied Sept. 3, 1987.

Larry H. Marshall, Asst. Public Advocate, Frankfort, for movant.

## OPINION OF THE COURT

This appeal arose from the proceedings in the case of Hall v. Commonwealth, NO. 86–CA–138–MR then pending in the Court of Appeals of Kentucky.

Larry H. Marshall, an assistant public advocate, was the attorney for C.B. Hall. He did not complete a brief for Hall within the time it was required to be filed pursuant to CR 76.12, but timely requested and was granted a 90–day extension in which to file the brief. The order recited that no further extensions of time would be granted.

Three days prior to the expiration of the 90–day extension, Marshall moved for an additional extention of time to and including November 4, 1986. The motion was granted by Chief Judge John Hayes, who also imposed a fine of $250.00 upon Marshall as a sanction for his failure to file the brief in compliance with the previous order.

We have granted Marshall's motion for discretionary review. CR 73.02(2)(c) provides for the imposition of fines upon counsel failing to comply with the Rules of Procedure relating to appeals. The fine imposed in this case was within the limits provided by the rule.

Marshall contends that the fine was summary in nature and was not imposed by a three-judge panel of the court, but by the Chief Judge acting alone. He concludes he was denied due process because he did not receive any notice that any action against him was contemplated, and therefore he

had no opportunity to present a defense; that the imposition of the fine denied him equal protection of the law; that a single judge of the Court of Appeals has no authority to impose a fine under circumstances such as these; and that the fine should be suspended, in any event, because this was Marshall's first sanction.

We find no merit in Marshall's contention that he was denied equal protection of the law or that this court should suspend his fine because this was the first sanction imposed upon him.

The proceeding against Marshall was for failure to comply with a rule of procedure. It was not a proceeding to hold him in contempt. There was no requirement for a showing of bad faith upon his part or that he maliciously or deliberately refused to comply with the rule. The mere fact that he failed to comply with the rule is sufficient, in itself, to justify the imposition of a fine for the violation.

The imposition of a fine is not automatic in all cases of failure to comply with a rule. It is discretionary with the court, and the circumstances which the court will find to justify the imposition of a fine and the amount thereof must be considered upon a case-by-case basis.

■ For this reason, before the imposition of a fine, fairness dictates that Marshall was entitled to notice of the proposed action against him and have an opportunity to present to the court extenuating circumstances which might excuse his delinquency or lessen the amount of the penalty.

The fact that Marshall had the opportunity to, and did, state in his motion for additional time to file the brief, a reason that he was unable to complete the brief within the time specified, is not a sufficient substitute for an opportunity to be heard and to present a defense when sanctions are proposed.

The fact that the 90–day extension order contained the language that no further extension of time would be granted did not constitute a notice to Marshall that sanctions would be applied to him if he failed to comply with the order. The order, though sounding in finality, was not final at all, for in fact, another extension of time was granted.

■ We also hold that a fine in a case of this nature cannot be imposed by one judge of the Court of Appeals. The failure to file a brief within the time required by the rules of court may or may not be a willful act with a deliberate intent to abuse the rules of the court, but it is not a showing of disrespect to any particular member of the court. It is, if no satisfactory explanation is forthcoming, simply a failure to do that which should have, and could have, been done with diligent pursuit.

Our attention is called to CR 76.34(4) which provides that except for motions that call for a final disposition of an appeal or an original action in the appellate court, any member of the court designated by the Chief Justice or Chief Judge may hear and dispose of any motion. It is contended that the imposition of the fine in this instance was an interlocutory matter in a pending appeal and that it did not finally dispose of the appeal and could, therefore, be imposed by one judge.

The fact that this sanction did not finally dispose of the pending appeal is not relevant because the imposition of the fine against attorney Marshall had nothing whatever to do with the outcome of the case in which the appeal was pending. This was a separate action against Marshall, and as to him, the imposition of the fine was a final disposition in the Court of Appeals. The proceeding for our review is not styled Hall v. Commonwealth, the pending appeal, but styled simply In Re: Larry H. Marshall. Because it is a final disposition of a matter In Re: Larry H. Marshall the disposition required consideration by the entire three-member panel of the court. We reverse for further proceedings consistent with the opinion. We do not in any way imply that the failure of Marshall to timely file his brief did not justify the imposition of a fine, nor that the amount of the fine sought to be imposed was excessive. We hold only that the Court of Appeals may not impose a fine against an attorney for the failure to timely file a

brief unless notice is given and an opportunity to be heard is granted, and the motion is considered by a panel of the court.

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON, VANCE and STEPHENSON, JJ., concur.

WINTERSHEIMER, J., dissents by separate attached opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which says that counsel did not have notice and that an additional opportunity to defend against sanctions should be provided.

The order in question clearly states that no further extension of time would be given. Counsel is competent, able and a very experienced appellate practitioner. It defies reason to believe that he did not understand that CR 73.02(2)(c) could be used to impose a fine. Counsel had sufficient and adequate notice of what the consequences of his conduct could produce.

I disagree with the majority analysis that the motion for additional time is not a proper substitute for the opportunity to present a defense to proposed sanctions. The reasons for the additional time cannot change. They must, of necessity, be based on the same facts whether a sanction is possible or otherwise. Certainly counsel would not deliberately embellish his case merely because of the threat of a personal monetary penalty.

It is incumbent upon all counsel to present the very best and most complete argument in their case to the court at the first opportunity. To paraphrase the colloquial expression, additional "bites at the apple" are not favored and should be discouraged.

There is no inherent magic in the application of a three-judge panel to such situations. CR 76.34(4) could easily be amended so as to permit one judge to dispose of these routine matters. The actual situation usually involves a technical deficiency which is generally minor in nature.

It is regrettable that there is a distinct possibility that additional unnecessary delays will result from the majority decision. Extra work will undoubtedly be generated for all parties involved in the appellate process, that includes the counsel for the appellant and the appellee and most certainly for the court. There is no demonstrated guarantee that the results currently achieved by the Court of Appeals will be improved by this decision. All that seems certain is that another layer of administrative bureaucracy has been added which will further burden the frustration factor. Justice delayed is justice denied. It behooves members of the legal profession and the judiciary to make every effort to eliminate delay. There is not the slightest indication that the decision of the Court of Appeals was in any way unfair.

The Court of Appeals is a court of incredibly high volume. Court records indicate that 130 attorneys have been fined since January 1, 1985, pursuant to CR 73.02(2) and that 7,722 other motions have been considered since that time. It should be saluted for its patience, diligence and dedication.